WILLIAM H. BURK, APPELLANT, v. AUGUSTUS D. AYERS, DANIEL D. JOHNSON AND WARREN H. GAMBER, DRAINAGE COMMISSIONERS, RESPONDENTS.

*Drainage acts — chap. 888 of 1869 and chap. 303 of 1871 — appeal lies to General Term from decision of County Court — notice of, need only be served on respondents in county court — it need not specify errors — any party affected by the proceedings may appeal — what is a final judgment — a drain cannot be ordered unless necessary for public health — what is essential to give the court jurisdiction.*

An appeal lies to the General Term of the Supreme Court from a decision of the county court in proceedings for draining lands, instituted under chapter 888 of 1869, as amended by chapter 303 of 1871.

A notice of appeal from the decision of the county court, affirming a decision of the drainage commissioners, need only be served upon the commissioners the respondents in the county court.

The notice of appeal to the county court from the determination of the drainage commissioners need not specify the errors complained of.

To authorize a party to appeal from the determination of the drainage commissioners, it is not necessary that any of his land should have been actually taken; it is sufficient if he be the owner or possessor of land in any way affected by the proceedings.

A decision of the county court affirming a judgment of the drainage commissioners, with a modification to the effect that on request of the appellant they should open a drain through his land, is a final judgment, so as to be appealable.

An objection to the jurisdiction of the court below may be raised for the first time on appeal.

Where in proceedings instituted for the drainage of lands, under chapter 888 of 1869, as amended by chapter 303 of 1871, neither the commissioners nor the county court determine that the proposed drainage is necessary for the public health, the court does not acquire jurisdiction and the proceedings are void. Such objection may be taken by any person owning or possessing lands affected by the proceedings, though none of it is actually taken thereby.

*Semble*, that the doctrine that to entitle the owner of property to protection under the constitutional provision that private property shall not be taken for public use without compensation, the property must actually be taken, and that the owner is not entitled to remuneration for indirect or consequential damages, does not apply to a case in which the attempted exercise of the right of eminent domain, from which the consequential damage results, is not authorized by law.

*Semble*, that a determination by the commissioners that the proposed drainage is necessary "to carry off surface water from farm lands and the highways" will not authorize an order directing the construction of a drain; there must

exist a necessity for draining the lands of the petitioners, or the lands described in the petition.

APPEAL from an order of the County Court of Seneca county, modifying and affirming the determination of the drainage commissioners above named, by which they adjudged it to be necessary to construct a drain across lands owned by others than the appellant, in a proceeding taken under the statutes known as the drainage acts. The appellant, under the name of Henry Burk, was named in the petition as one of the owners or possessors of land to be affected by the proceedings — he was served with notice of the determination of the commissioners, and appealed therefrom.; the appeal was heard by the county court, the decision of which directly affected his interests. This appeal was first heard in October, 1878, thereafter a re-argument was ordered by the court.

The following petition, which was verified by the petitioners, was filed in this matter :

*To the County Court of the County of Seneca :*

" We, the undersigned, owners and occupants of wet and low lands on lot 80 in the town of Romulus, in the county of Seneca, State of New York, are desirous of draining the same, and we deem it necessary, in order thereto, that a ditch or channel for the free passage of water should be opened through lands belonging to other persons, and lands in the possession of, and as your petitioners are informed and believe, are owned by the following named persons : Margaret McDermott and Leander Osborn.

" And your petitioners would say that the said wet lands cannot well be drained in any other way than by a ditch or channel for the free passage of water through the said lands of the said other persons. And your petitioners would further say that James O. Waugh, Thomas Marsh, James H. Gilmore, John Carl, Garrett Doremus, Margaret McDermott, Leander Osborn, Albert McMillan and Henry Burk, all of whom reside in the said town of Romulus, are the only owners or possessors of land to be in any way affected by any proceedings under and by virtue of this application.

" And your petitioners would pray for the appointment of three commissioners under and by virtue of chapter 888 of Laws of 1869, an act entitled an act relative to proceedings for the drainage of

swamps, marshes, and other low or wet lands, and for draining farm lands; and all acts amendatory thereof."

"Dated *July* 7, 1874.

"THOMAS MARSH,
"JAMES O. WAUGH,
"J. H. GILMORE."

Upon this petition certain commissioners were appointed by the Seneca county judge, who executed the following notice:

"Notice is hereby given to all whom it may concern, that we, the undersigned drain commissioners appointed on the petition of Thomas Marsh, James O. Waugh and others, by the Hon. GILBERT WILCOXEN, county judge of Seneca county, on the 7th day of July, 1874, would report that after being duly organized, that we met on the 15th day of July, 1874, and examined the grounds and did decide that it was necessary to cut one or more drains or ditches through lands of the petitioners, and lands thereto adjoining, to carry off the surface waters from farm lands and the highways, and adjourned to the twenty-ninth day of August, at which time, all being present, did lay out the following ditches, viz.: (Here followed a description of the land.) Said ditch is to be cut two and one-quarter feet deep below the natural surface, three feet wide on the bottom, with an even grade to the same, and a slope to the sides of an angle of 45 degrees, through the lands of said Dermont; and the balance of the ditch is to be cut two and one-half feet deep, three feet wide on the bottom, with an even grade to the same, and a slope to the sides of an angle of 45 degrees.

"Also, one other ditch, beginning at a stake standing east 1 chain, 10 links from the south-east corner of Leander Osborn's farm, * * * and from thence south one-half degree, west 5 chains, 40 links through lands of H. Bumpus to a stake standing in what is known as the Sutton creek on lot No. 80, in said town of Romulus. Said ditch is to be cut 2 feet deep, 3 feet wide on the bottom, with an even grade to the same, and a slope to the sides of an angle of 45 degrees."

"Dated at ROMULUS this 14th day of *September*, 1874.

"A. D. AYRES,
"D. D. JOHNSON,
" *Commissioners.*"

From this determination William H. Burk appealed to the County Court of Seneca county.

On the hearing of the appeal the county court ordered :

First, that the said determination of the said commissioners be, and the same is hereby in all respects, affirmed, without costs to either party against the other.

And it is further ordered that the said determination of the said commissioners he modified or amended in this respect :

That on the request of the said Burk, made in writing withm fifteen days after the filing of this determination, the said commissioners shall, within sixty days thereafter, make and open across the cultivated lands of said Burk in the line as near as may be practicable of the present drains or water ways, a drain or ditch of sufficient capacity to receive and carry the water from the ditch or drain already constructed by the said commissioners across the said cultivated lands of the said Burk westward to such point as will relieve the said cultivated lands of said Burk from overflow or damage from the water passing through said ditch or drain, or to some suitable outlet for the same. That the said commissioners shall so construct said ditch or drain that the same may be easily driven into and across for farm purposes.

And it is further ordered that in case the appellant shall not request the construction of said drain or ditch across his said cultivated lands by the said commissioners, as herein directed within the said fifteen days from the filing of this adjudication and determination, then the said determination of the said commissioners, filed on the 7th day of October, 1874, shall stand affirmed without alteration or amendment.

The following errors were set forth in the notice of appeal to this court :

"First, it appears upon the face of said decision, judgment, order or determination of said county court, and said determination of said commissioners, that neither the said commissioners nor the said county court, on appeal, adjudged and determined, that for the benefit of public health, ditches, drains or channels should be opened upon the lands described in the petition, or that such lands should be drained ; and there being no such finding or determination, the said county court should have absolutely

annulled, vacated and set aside the determination of said commissioners, and declared the same to be null and void.

" Second, there were errors of law shown to said county court to have been committed by said commissioners in making their determination.

" Third, the said determination of said commissioners was without jurisdiction and void, and the county court erred in not setting the same aside and reversing the same, and erred also in modifying or amending the same, and in affirming the same or any part thereof.

" Fourth, the said determination of said commissioners was, and is, unsupported by any finding or determination that for the benefit of the public health, the ditches, drains or channels mentioned and described in their determination should be opened or the lands in question should be drained, and therefore the county court should have declared the same to be null and void, and should have reversed the same.

" Fifth, the said county court, on said appeal from the said determination of said commissioners, not having determined or found that for the benefit of the public health such ditches or drains or channels mentioned in said determination of said commissioners, the order, judgment or decision made by said county court in this matter is void and should be reversed and set aside.

" Sixth, the said decision, judgment or order of said county court affirming the determination of said commissioners and ordering a modification thereof, appears upon its face to be without jurisdiction, and void.

" Seventh, the said judgment, order or decision of said county court, and the determination of said commissioners, are without authority of law, and both should be reversed."

*Franklin & Hazleton*, for the appellant.

*Josiah T. Miller*, for the respondents.

SMITH, J.:

It is insisted by the respondents' counsel that this appeal should be dismissed on several grounds, which will be briefly considered.

First. It is said that an appeal from the county court to this court, in proceedings for draining lands, is not authorized by law. The act of 1869, chapter 888, authorized proceedings for draining lands to be had before the county judge (§ 1), or before that officer and the justices of sessions, if he should choose to associate them with him (§ 12), and it give an appeal from the decision of the county judge, or that of the county judge and the justices of sessions to this court. (§ 12.) That act made no provision for proceedings in the county court, and consequently not for an appeal from the county court. But in 1871 (Laws 1871, chap. 303, § 4), the act of 1869 was amended by adding to it a section which provided that "all the powers and jurisdiction vested by this act, in the county judge, or in the county judge and justices of the sessions when associated with such officer, are hereby vested in the county court," etc. We think it apparent, from the whole section, that it was the design to substitute the county court for the county judge, in all respects, in proceedings under the act. It is true there are no words expressly giving a right of appeal from the decisions of the county court, but the reasonable construction is, that in that respect also, the decisions of the county court were intended to be put upon the same footing as were the decisions of the county judge under the original acts. It certainly was not intended to abrogate the right of appeal, inasmuch as the provisions giving it were retained; but those provisions are wholly nugatory, if they do not apply to decisions of the county court, since the county judge no longer has jurisdiction to entertain proceedings under the act.

Next, it is urged that the notice of appeal should have been served upon the petitioners and the owners of the land. The decision of the county court, from which this appeal is taken, was rendered upon an appeal to that court from the determination of the commissioners. In accordance with the act, that appeal was taken by serving notice on the commissioners. It was not necessary to notify any other person. (Act of 1869, § 5.) And it does not appear that any other was notified. As the commissioners were the only respondents before the county court, they are the only persons to be notified of the present appeal.

It is insisted that the appeal should be dismissed, because no error was assigned in the notice of appeal from the determination of the commissioners, and because certain questions, submitted by this court for re-argument, were not before the county court. The notice of appeal need not contain a specification of errors. (§ 5.) Upon this point the respondents' counsel refers to section 10 of the act of 1869, as amended in 1871. That section relates to appeals from assessments, and the specification of errors required by it, need not be contained in the notice of appeal. Whether the questions submitted for re-argument properly arise on this appeal will be considered when the questions are reached.

Another position taken in support of the claim that the appeal should be dismissed, is, that no lands of the appellant were taken by the respondents, and he has, therefore, no standing in court and no right to prosecute the appeal. It is a sufficient answer to this position, to call attention to the facts that the appellant is named in the petition as one of the owners or possessors of land to be affected by the proceeding ; that the case shows that he was served with notice of the determination of the commissioners; that his appeal from such determination was entertained by the county court, and it does not appear that the objection under consideration was taken there ; and, finally, that the decision of the county court appears on its face to directly affect his interests. It is not necessary that his land should be actually taken and condemned ; if he is the owner or possessor of land in any way affected by the proceeding, the act requires that he be made a party, and to whatever extent his interests are involved, he has a right to be heard. If, as is suggested by the respondents' counsel, all the other parties have voluntarily surrendered their lands for the purposes of the drainage, the proceeding will not be disturbed as to them, even should he succeed in his appeal. And, on the other hand, he is not to be affected by their acquiescence.

It is contended that the appellant is not in fact a party, his name being William H. Burk, and the name in the petition being Henry Burk. It is plain, from the papers before us, that he is the person intended. The case states that notice of the determination of the commissioners was served upon " the appellant."

Finally, it is urged that the appeal should be dismissed because the judgment from which it is taken is not a final judgment. The decision appealed from affirmed the order of the commissioners, with a modification which provided that, on request of Burk, the commissioners should open a drain on his lands. The order was final, so far as the action of the court was concerned. The fact that it gave Burk an election made it none the less final.

On the merits, the only questions open to the appellant relate to the jurisdiction of the county court over the subject-matter. Questions of that nature can be considered at any stage of the proceeding, and may be raised, even for the first time, in the appellate court. Objections to the jurisdiction are not waived by not being taken in the court below. (*People* v. *N. Y. Marine Court*, 3 Abb. Pr. R., 309; *S. C.*, 13 How. Pr., 260.) Nor can the court acquire jurisdiction by the laches of the party proceeded against. (*Titus* v. *Relyea*, 8 Abb. Pr., 177.) Nor by his express consent. (*Dudley* v. *Mayhew*, 3 Comst., 9.)

The chief ground of objection to the jurisdiction is, that it nowhere appears in the proceedings that the proposed drainage is necessary for the public health. Neither the commissioners nor the court have determined such necessity to exist, nor have the petitioners alleged it. *In the Matter of Draining Swamp Lands in the Town of Chili* (5 Hun, 116) it was said by the court in this department that "the provision, in respect to the public health, was doubtless inserted in the act of 1869, as an amendment of the general drainage act of the Revised Statutes, because the constitutionality of that act had been questioned, and to obviate that objection which was clearly sound." And in *The Matter of Ryers, etc.* (72 N. Y., 1) the Court of Appeals held that the object for which drainage may be had and lands taken, under the acts referred to, is solely for public health. As it does not appear that the drainage proposed in this proceeding was necessary for that purpose, it follows, from the authorities cited, that the proceeding was not authorized by the statute, and that the court had no jurisdiction.

But it is contended by the respondent's counsel that although the appellant may have been a proper, and even a necessary party to the proceeding, inasmuch as he had an interest in land to be

affected by the proposed drainage, yet his land was not actually taken, it was merely subjected to consequential injury, by reason of the discharge upon it of the water conducted along the ditch constructed on the lands of other owners for the purpose of the drainage in question, and, therefore, he cannot challenge the validity of the proceeding. The appeal papers do not expressly describe the appellant's interest, or state how it is affected, but it is probable, from the terms of the order appealed from, that the claim of the respondents' counsel, in that regard, is substantially correct. But assuming that the appellant's damages, so far as the work of drainage has progressed, are consequential merely, it by no means follows that he may not challenge the jurisdiction of the court. The respondents' counsel relies upon the doctrine that to entitle the owner of property to protection under the constitu-. tional provision that private property shall not be taken for public use without compensation, the property must actually be taken in the physical sense of the word, and that the proprietor is not entitled to claim remuneration for indirect or consequential damage. But that doctrine applies only to cases where the injury results from the lawful exercise of the right of eminent domain. It rests on the ground that such indirect loss must be borne by the individual for the common benefit. If, therefore, this case is not one in which the right of eminent domain can be invoked, as we have seen is the case, the appellant has a clear right to take the objection that the proceeding is void for the want of jurisdiction.

But the order appealed from, as modified, has the effect to *take* the appellant's land, in the strictest sense of the word, and that too, without compensation. The drain already constructed by the commissioners is to be extended across his cultivated lands, for the purpose of carrying off the water which such drain brings to his boundary line. True, that is to be done only on his request, but if he withholds his request he will be subjected to the alternative of having the water of the ditch discharged upon his land, without any channel to carry it off. If he is confined to these two alternatives, he may be compelled to ask the commissioners to take his land for the ditch without compensation, in order to escape a worse fate.

We are also inclined to the opinion that the determination of the commissioners is void, for the reason that it does not determine that the construction of the ditches was necessary in order to drain the lands of the petitioners, or either of them, or the lands described in the petition. They determine merely that it was necessary " to carry off surface water from farm lands and the highways." The statute confines the proceedings to the lands of the petitioners, or the lands described in the petition, and unless there is a necessity for draining them, no valid order for drainage can be made.

Neither do the statutes authorize the construction of ditches to drain highways. The care of the public highways is confided to the commissioners of highways, and it is not to be presumed that the Legislature intended to interfere with their duties, by the statutes in question, in the absence of language indicating such intention.

For these reasons we think the determination of the commissioners and the order of the county court appealed from, should be reversed, so far as they affect the appellant, with costs to the appellant.

TALCOTT. P. J., and HARDIN, J., concurred.

The determination of the commissioners and the order of the county court appealed from, reversed, so far as they affect the appellant, with costs to the appellant.